IN THE INTEREST OF J.J.
No. 29840.
Intermediate Court of Appeals of Hawaii.
November 16, 2009.
On the briefs:
Leslie C. Maharaj, for Mother-Appellant.
Patrick A. Pascual and Mary Anne Magnier, Deputy Attorneys General, for Petitioner-Appellee Department of Human Services.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding J., FOLEY and LEONARD, JJ.
Appellant Mother (Mother) appeals from the Order Awarding Permanent Custody filed on May 7, 2009; the Letters of Permanent Custody filed on May 7, 2009; and the Findings of Fact and Conclusions of Law filed on June 2, 2009, in the Family Court of the First Circuit (family court).[1]
On appeal, Mother contends:
(1) She was not provided an adequate opportunity to reunify with her child, J.J., because supervised visits with him were suspended. In connection with this point of error, Mother contends that Finding of Fact (FOF) 55 is erroneous.
(2) The family court erred when it found that there is no credible evidence in the record to support Mother's argument that the family court's order suspending her visits with J.J. denied her the reasonable opportunity to reunify with J.J. In connection with this point of error, Mother contends that FOF 56 is erroneous.
(3) The family court erred when it found that Mother was not, and would not be within a reasonable period of time, able to provide a safe family home for J.J., even with the assistance of a service plan. In connection with this point of error, Mother contends that FOFs 57 and 58 are erroneous and Conclusions of Law (COLs) 12 and 13 are wrong.
(4) The Permanent Plan dated June 3, 2008 is not in the best interest of J.J. In connection with this point of error, Mother contends that COLs 14 and 15 are wrong.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother's points of error as follows:
Mother's claim that she was denied a reasonable opportunity to reunify with J.J. because she was denied supervised visits is without merit. Mother's supervised visits were suspended pending an assessment of her claims that J.J.'s injuries were caused by a near-automobile accident or the result of a genetic disorder. The family court found that J.J. was in the care of Mother and Father (collectively, Parents) when J.J.'s injuries occurred. After considering the evidence presented by medical experts, the family court also found that J.J.'s injuries were not caused by a near-automobile accident or genetic disorder. Rather, the family court found that J.J.'s injuries were consistent with Shaken Baby Syndrome.
After such a determination, Parents refused to admit that J.J.'s injuries were caused by child abuse. Parents maintained that J.J.'s injuries were caused by a near-automobile accident or a genetic disorder. A DHS social worker testified that Parents' refusal to acknowledge that child abuse had occurred prevented Parents from providing J.J. with a safe family home because Parents would not see the need to engage in services and make the necessary lifestyle changes. The social worker also testified that although Parents participated in services, they could not demonstrate what they learned because they refused to provide any information about themselves and how the information could be applied to themselves. The social worker also testified that providing Parents with additional time would not make a difference as the case had been open for nearly two years and showed inadequate progress. The family court did not err by finding that Mother could not provide a safe family home within a reasonable period of time, even with the assistance of a service plan, and FOFs 55, 56, 57, and 58 were not erroneous and COLs 12, 13, 14, and 15 were not wrong.
Therefore,
IT IS HEREBY ORDERED that the Order Awarding Permanent Custody filed on May 7, 2009; the Letters of Permanent Custody filed on May 7, 2009; and the Findings of Fact and Conclusions of Law filed on June 2, 2009, in the Family Court of the First Circuit are affirmed.
NOTES
[1] The Honorable R. Mark Browning presided.